The Honorable Johnny Hoyt State Representative 15 Country Lane Morrilton, AR 72110
Dear Representative Hoyt:
I am writing in response to your request for an opinion on behalf of several constituents who are seeking clarification of the legal status of public high school counselors. According to correspondence attached to your request, these individuals have been told that there are conflicting references to counselors under the law, with some laws considering them "teachers," and other laws not considering them such. Their particular concerns are set out as follows:
One of our concerns is about the salary schedule. Although we are paid directly from the teachers' salary schedule, we have been told by our superintendent that according to his interpretation of the law, we are not teachers and, therefore, we are not entitled to receive a designated planning time each day or compensation for not having that time. Teachers in our district are compensated with one-seventh of their yearly salary for voluntarily relinquishing their planning time.
If we are not teachers, we feel we should not be paid from the teachers' salary schedule but rather have a counselor index similar to that of administrators. Administrators' salaries include compensation for additional educational preparation and extra duties that we perform on a daily basis, including continuous student contact time.
RESPONSE
I find no conflict in the law respecting the status of school counselors vis-à-vis "teachers." According to my review of the Arkansas Code, school counselors are considered "teachers" and "classroom teachers" for some purposes, and not for others. This makes it necessary to consider the particular context when addressing the status of school counselors in relation to "teachers." It does not, however, mean that there are conflicting references in the law with regard to counselors. The status of counselors is clear, in my opinion, when the necessary contextual review is undertaken. With regard, specifically, to the "planning time" that must be provided "for all classroom teachers" pursuant to A.C.A. § 6-17-114 (Supp. 2005), this provision in my opinion plainly does not apply to school counselors. To the extent you or your constituents find this treatment of counselors inadequate or inappropriate, legislative action will be required.
The necessary contextual inquiry into the status of school counselors vis-à-vis teachers is best illustrated by a sampling of Code sections. For instance, A.C.A. § 6-17-107 grants school officials protection from liability for providing assistance to suicidal students as follows:
Teachers, school counselors, school health care providers, and other school personnel shall be immune from any civil liability for providing counseling, referral, emergency medical care, or other assistance offered in good faith to suicidal students or other suicidal youth. . . .
A.C.A. § 6-17-107(b) (Repl. 1999) (emphasis added).
The distinction between "teachers" and "school counselors" under this Code section is apparent. The following Arkansas Code sections similarly distinguish between the two:
6-15-1201(a)(1)-(5) (Repl. 1999) ("Education Standards Commission" to include four "classroom teacher[s]" representing kindergarten through grade twelve and "[o]ne (1) counselor");
6-15-1301(b)(1) (Supp. 2005) ("Safe Schools Committee" to include "[t]wo (2) classroom teachers" and "[o]ne (1) school counselor. . . .");
6-15-419(2)(B) (Supp. 2005) (regarding creation and implementation of an "academic improvement plan" by "appropriate teachers, counselors, and any other pertinent school personnel.");
6-17-2502(1) (Spec. Supp. 2006) (specifically excluding "a guidance counselor or librarian" from the definition of "Classroom teacher" under the Arkansas Teacher of the Year Act);
6-18-407(ACT fee waiver committee to include "[t]he high school counselor" and "[t]wo (2) high school teachers");
6-18-1005(a)(6) and (b) (Supp. 2005) (separate references to "school counselors" and "the regular classroom teachers" under the Public School Student Services Act.
I note on the other hand, however, that the term "teacher" or "classroom teacher" specifically includes counselors under some other statutes, perhaps explaining your constituents' concern regarding conflicting references. The Teacher Compensation Program of 2003, as amended, A.C.A. §§ 6-17-2401-2405 (Supp. 2005, Spec. Supp. 2006, andAct 272 of 2007) is illustrative of such laws.[1] In accordance with subsection 6-17-2403(b)(1) (Spec. Supp. 2006), each school district must have a salary schedule with certain prescribed minimum compensation levels for a "basic contract," which is defined under subsection6-17-2402(1) (Supp. 2005) as "a teacher employment contract for one hundred and ninety (190) days that includes ten (10) days of professional development." The term "teacher" is defined in turn under subsection 6-17-2402(2) (Supp. 2005) as follows:
`Teacher' means:
(A) An individual who is required to hold a teaching license from the Department of Education and who is engaged directly in instruction with students in a classroom setting for more than seventy percent (70%) of the individual's contracted time;
(B) A guidance counselor; or
(C) A librarian.
The following statutes are similar to the above in defining "teacher" or "classroom teacher" to include "a guidance counselor":[2]
A.C.A. § 6-17-119(a)(4) (part of the "Arkansas Alternative Pay Programs Act" added to the Code by Act 847 of 2007);
A.C.A. § 6-17-811 (Supp. 2005) (incentives for teacher recruitment and retention in specially defined "high-priority districts");
A.C.A. § 6-17-2406 (Supp. 2005) (compensation of teachers employed by C-Step Program or Arkansas National Guard Youth Challenge Program);
A.C.A. § 6-20-2303(4) (Supp. 2005) (part of the Public School Funding Act of 2003);
A.C.A. § 6-81-607 (Supp. 2005) (Teacher Opportunity Program).
Perhaps consistent with these statutes concerning compensation, a guidance counselor must have a teaching license. This is reflected in A.C.A. § 6-17-402 (Supp. 2005), regarding licensing, which states under subparagraph (f) that a "certified teaching license" "includes that license of a licensed classroom teacher, administrator, counselor, or librarian."[3] Another recent enactment providing for the issuance of a "Lifetime Teaching License" is worthy of note in this regard. Effective ninety days after final adjournment, see n. 3, supra,Act 169 of 2007
adds an additional subchapter to the Code to authorize such a license for certain eligible individuals, including those who have "made significant contributions to education or the profession of teaching through . . . teaching experience[.]" Acts 2007, No. 169, § 1 (adding A.C.A. § 6-17-2601(1)). The act specifically defines "teaching experience" to mean "the experience gained while working in an educational setting as a teacher, librarian, counselor, administrator, educational consultant, substitute teacher, or other certified employee[.] Id., adding A.C.A. § 6-17-2602(3).
It is thus clear that school counselors are "teachers" or "classroom teachers" for purposes of licensure and for compensation purposes under certain statutes. It is equally clear from the other Code sections listed above, however, that the position of "school counselor" or "counselor" is distinct from "teacher" or "classroom teacher" under other statutes. While the meaning of these terms therefore varies, depending upon the context, this contextual variability does not equate to a conflict in the law respecting the status of school counselors vis-à-vis "teachers." The status of counselors is clear, in my opinion, when the necessary contextual review is undertaken.
Turning, then, to the specific issue of the "planning time" that must be afforded to "classroom teachers," the basic requirement is set forth under A.C.A. § 6-17-114 as follows:
Effective beginning the 2003-2004 school year, each school district in this state shall provide a minimum of two hundred (200) minutes each week for each teacher to schedule time for conferences, instructional planning, and preparation for all classroom teachers employed by the district.
A.C.A. § 6-17-114(a)(1) (Supp. 2005) (emphasis added).
Subsection (a)(2) refines the requirement by providing:
The planning time shall be in increments of no less than forty (40) minutes during the student instructional day unless a teacher submits a written request to be allowed to have his or her planning time scheduled at some time other than during the student instructional day.
A.C.A. § 6-17-114(a)(2) (Supp. 2005).
I believe it is clear that in the context of this particular statute, the term "classroom teachers" does not encompass school counselors. This follows primarily, in my opinion, from the specific statutory language, which clearly reflects an intent to provide the "planning time" for, inter alia, "instructional planning" during the "student instructional day." The "student instructional day" is identified as "the time that students are required to be present at school[,]" id. at (d); and this must be taken to mean instructional time, since a "school day" is defined in relation to such time. See A.C.A. § 6-16-102(a)(1) (Supp. 2005) (defining a "school day" as "a day in which classes are in session and students receive at least six (6) hours of instructional time.") See also Arkansas Department of Education Rules Governing Standards for Accreditation of Arkansas Public Schools and School Districts Rule 10.01.4 (January, 2005) (stating that "[t]he planned instructional time in each school day shall not average less than six (6) hours per day or thirty (30) hours per week.").
The conclusion that school counselors are not included among those who must be afforded this instructional "planning time" is further suggested, in my view, by the distinction that numerous other statutes draw between counselors and those who are "engaged directly in instruction with students in a classroom setting. . . ." See, e.g., A.C.A. § 6-17-2402(2), supra (Teacher Compensation Program). As illustrated above, counselors are included as "teachers" or "classroom teachers" under a number of statutes. I find it significant, however, that each of these statutes, like subsection 6-17-2402(2), nevertheless separately identifies those who are "engaged directly in instruction with students in a classroom setting for more than seventy percent (70%) of the individual's contracted time." See, e.g., A.C.A. § 6-20-2303(4), supra (part of the Public School Funding Act). See also A.C.A. §6-17-412(a)(1) (Supp. 2005) (defining "Classroom teacher" for purposes of National Board for Professional Teaching Standards certification as "an individual who is required to hold a teaching license from the Department of Education and who is engaged directly in instruction with students in a classroom setting for more than seventy percent (70%) of the individual's contracted time[.]"). This language plainly excludes school counselors. School counselors must, in accordance with A.C.A. § 6-18-1005(b) (Supp. 2005), "spend at least seventy-five percent (75%) of work time each week providing direct counseling related to students and shall devote no more than twenty-five percent (25%) of work time each week to administrative activities provided that the activities relate to the provision of guidance services." A review of A.C.A. §6-17-114 in light of these other statutes, therefore, further buttresses the conclusion that this subsection has reference to those who are "engaged directly in instruction with students in a classroom setting" when it prescribes "planning time" for "instructional planning."
Finally, it bears noting that the legislature has made it clear when it intends to include counselors as "classroom teachers" under particular statutes. The fact that it did not do so under A.C.A. §6-17-114 may be conclusive of the matter.
The question of whether school counselors should have such a designated planning time is one that must be addressed by the General Assembly. Similarly, the question of whether counselors should be paid from the teacher salary schedule or be compensated under some other formula involves policy issues that must be addressed to the legislature.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] Act 272 of 2007 amends the minimum teacher compensation schedule for the 2007-2008 and 2008-2009 school years. It contains an emergency clause and a specified effective date of July 1, 2007. Acts 2007, No. 272, § 10.
[2] I have found no statute defining the term "guidance counselor." Other statutes refer to "counselors" and "school counselors." It is my assumption that the terms "guidance counselor," "school counselor," and "counselor" are generally synonymous under the Code.
[3] Subsection 6-17-402 was amended by Act 846 of 2007, which will take effect ninety days after final adjournment of the legislature. See generally Ark. Const. art § 1 (incorporating amend. 7) and Fulkerson v. Refunding Board, 201 Ark. 957, 147 S.W.2d 980 (1941) (regarding the effective date of acts with no emergency clause or specified effective date). The amended version of subsection 6-17-402(a) states that `"certified teaching license" means the license of a licensed classroom teacher, an administrator, a guidance counselor, or a librarian issued by the State Board of Education."